ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2005 AUG 10 PM 2:29
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| JUDLIN NATHANIEL MORTIMER, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> MICHAEL V. PUGH, ) <br> ) <br> Respondent. ) | CV 305-099 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility in McRae, Georgia, has filed an action under 28 U.S.C. § 2241. Upon prompting from the Court, Petitioner paid the filing fee. Petitioner alleges that his sentence is illegal because the sentencing court "violated [Petitioner's] due process rights and violated the provisions of the United States Sentencing Guidelines." (Doc. no. 1, p. 2). For the reasons explained below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and that this civil action be **CLOSED**.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Although Petitioner does not admit it, this is far from the first time Petitioner has attempted to challenge his conviction and sentence. The pertinent facts and procedural history can be summarized briefly. On December 16, 1997, following Petitioner's guilty plea, the Honorable Graham C. Mullen, United States District Judge for the Western District of North Carolina, convicted Petitioner of one count of conspiracy to possess with intent to

distribute cocaine and sentenced him to 120 months of imprisonment, to be followed by five years of supervised release.[1] United States v. Mortimer, CR 396-0176-2 (W.D.N.C. Dec. 16, 1997). Not including various motions filed in his criminal case, Petitioner has sought post-conviction relief in the Western District of North Carolina at least three times. See Mortimer v. United States, CV 398-007, doc. no. 22 (W.D.N.C. June 21, 2000)(denying § 2255 motion as without merit), *aff'd by* United States v. Mortimer, No. 01-6180 (4th Cir. May 25, 2001)(*per curiam*); Mortimer v. United States, CV 398-524, doc. no. 5 (W.D.N.C. Jan. 6, 2000)(dismissing § 2255 motion as successive); Mortimer v. United States, CV 304-432, doc. no. 2 (W.D.N.C. Dec. 20. 2004)(dismissing § 2241 petition as "*de facto*" successive § 2255 motion).

Of particular interest in this case, after Petitioner's latest attempt to obtain post-conviction relief in the Western District of North Carolina, Judge Mullen noted:

> Notwithstanding [Petitioner's] perseverance . . . the instant Request is nothing more than a thinly disguised attempt to bring a successive challenge without proper authorization. Furthermore, this Request is not properly brought under § 2241 in any event. As such, [Petitioner's] Request must be dismissed.
> Indeed, inasmuch as [Petitioner] is an incarcerated individual who is attempting to challenge the validity of his sentence, *if he could properly raise such a claim under § 2241, this would not be the correct venue for that claim. That is, relief under § 2241 is to be sought in the judicial district where both the petitioner and the custodian are located, not the district in which the*

---

[1] Although not the subject of this case, it should perhaps be noted that, while incarcerated at the Federal Correctional Institution in Jesup, Georgia, Petitioner pled guilty to attempting to obtain contraband in prison and was sentenced to an additional six months of imprisonment and three years of supervised release by the Honorable Anthony A. Alaimo, United States District Judge for the Southern District of Georgia. See United States v. Mortimer, CR 201-002 (S.D. Ga. June 19, 2001). Petitioner recently filed a motion to vacate that sentence pursuant to 28 U.S.C. § 2255; the Honorable James E. Graham, United States Magistrate Judge, has issued a Report and Recommendation that the motion be dismissed as untimely. See Mortimer v. United States, CV 205-033, doc. no. 4 (S.D. Ga. July 29, 2005).

2

*judgment was imposed.*

Mortimer v. United States, CV 304-432, doc. no. 2, p. 3 (W.D.N.C. Dec. 20, 2004)(italics added)(hereinafter "CV 304-432"). Perhaps construing the above-quoted language as direction to file a § 2241 petition in this District, Petitioner's district of incarceration, Petitioner has now brought the captioned case. Unfortunately, for the reasons explained herein, Petitioner's reception here will be no different than the one he received in the Western District of North Carolina.

## II. DISCUSSION

As Judge Mullen explained to Petitioner, "relief under § 2241 is not an appropriate pursuit when § 2255 provides an adequate remedy--even if that remedy is unavailable due to some other limitation." CV 304-432, doc. no. 2, p. 3 (citing In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)). In the Fourth Circuit, relief under § 2241 is only available to a federal prisoner when: "(1) at the time of conviction, settled law of [the] circuit or the Supreme Court established the legality of the conviction [or sentence]; (2) subsequent to [the prisoner's] direct appeal and first § 2255 motion, the substantive law <u>changed</u> such that the conduct of which [he] was convicted [or the sentence imposed] is deemed not to be criminal [or legal]; and (3) [he] cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Id. at 3-4 (quoting In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Applying this test, Judge Mullen determined that Petitioner could not proceed under § 2241 because his "claims [were] not based upon an alleged change in the law, but rather on errors which allegedly were made at the time of sentencing." Id. at 4.

Petitioner's attempt to use § 2241 in the captioned matter similarly fails. As in CV

3

304-432, Petitioner argues that Judge Mullen made legal errors in calculating his sentence under the Guidelines.² Like the Fourth Circuit, the Eleventh Circuit applies a three-pronged test when deciding whether a federal prisoner seeking to challenge the validity of his conviction or sentence may resort to § 2241: 1) the prisoner's claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision "establishes the petitioner was convicted for a nonexistent offense;" *and* 3) circuit law "squarely foreclosed" the claim at the time it otherwise could have been raised at trial, upon appeal, or via initial § 2255 motion. Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). Although the tests used in the Fourth and Eleventh Circuits are not identical, the result is the same under either test.

First, Petitioner's supposed Guidelines errors are not based on a retroactively applicable Supreme Court decision. In addition, Petitioner does not argue that he was convicted for a "nonexistent offense." Therefore, as Petitioner has failed to satisfy both the first and second prongs of the Eleventh Circuit's test, his attempt to use § 2241 to circumvent the gatekeeping provisions of § 2255 fails just as surely in this Circuit as it did in the Fourth Circuit.

Of particular importance is Judge Mullen's correct observation that the mere unavailability of a remedy under § 2255 does not render the § 2255 remedy inadequate.³ In

---

²Specifically, Petitioner takes issue with Judge Mullen's decision to impose an "enhancement for a prior sentence of probation in state court." (Doc. no. 1, p. 3).

³Although Petitioner does not state as much, the availability of § 2241 to a federal prisoner depends upon the so-called "savings clause" of § 2255, which allows a prisoner to bring a habeas petition in lieu of a § 2255 motion where "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. However, as described herein, the savings clause is only triggered in certain tightly circumscribed situations, and it is not a tool to circumvent the

4

other words, the provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which bars the filing of second and successive motions, does not "render [§ 2255] inadequate or ineffective." Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005). To put the matter succinctly, "the mere fact that relief under § 2255 is procedurally barred is not alone sufficient to make § 2241 an available remedy." Bridges v. Vasquez, 151 F. Supp.2d 1353, 1360 (N.D. Fla. 2001).

Simply put, although venue for a § 2241 petition in this District is proper, Petitioner has not demonstrated that he is entitled to use § 2241 as a procedural vehicle for his purported challenge to his sentence. In sum, as relief under § 2241 is unavailable to Petitioner, the instant petition is subject to summary dismissal.[4]

## III. CONCLUSION

For the above reasons, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of August, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

restrictions on filing second or successive motions. Wofford, 177 F.3d at 1245.

[4] The Court is also aware of Petitioner's mendacious attempt to characterize his petition as challenging the execution of his sentence or the "manner in which his detention was imposed" and therefore cognizable under § 2241 rather than § 2255. (Doc. no. 1, p. 1). To the contrary, Petitioner's Guidelines claim challenges the fundamental validity of the sentence imposed, not its execution. Thus, Petitioner's claim falls squarely within the relief offered by § 2255.

5

# United States District Court
## *Southern District of Georgia*

ATTORNEYS SERVED:

Judlin Nathaniel Mortimer, Pro-se

CASE NO: CV305-099
DATE SERVED: August 10, 2005
SERVED BY: Cindy Reynolds

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate